HSBC Bank USA, N.A. v IPA Asset Mgt., LLC

2026 NY Slip Op 02252

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

HSBC Bank USA, N.A., etc., appellant,

v

IPA Asset Management, LLC, respondent, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2023-05462, (Index No. 208848/22)

Betsy Barros, J.P.

Barry E. Warhit

Helen Voutsinas

Lillian Wan, JJ.

Greenberg Traurig, LLP, New York, NY (Adam P. Hartley of counsel), for appellant.

McKinley Law, P.C., Lloyd Harbor, NY (Austin T. Shufelt of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated May 16, 2023. The order granted the motion of the defendant IPA Asset Management, LLC, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it.

ORDERED that the order is affirmed, with costs.

In August 2006, Nancy Kaye (hereinafter the borrower) executed a note in the amount of $301,750 in favor of People's Choice Home Loan, Inc. The note was secured by a mortgage on certain real property located in Coram.

In July 2008, the plaintiff commenced an action (hereinafter the 2008 action) against the borrower, among others, to foreclose the mortgage. In September 2010, a judgment of foreclosure and sale was entered in favor of the plaintiff. In July 2011, the plaintiff moved to discontinue the 2008 action and vacate the judgment of foreclosure and sale. In August 2011, the judgment of foreclosure and sale was vacated and the 2008 action was discontinued.

In July 2012, the plaintiff commenced a second action (hereinafter the 2012 action) against the borrower, among others, to foreclose the mortgage. In June 2017, the plaintiff moved to discontinue the 2012 action. In July 2017, the 2012 action was discontinued.

In December 2022, the plaintiff commenced this action against the defendant IPA Asset Management LLC (hereinafter the defendant), as a nonborrower property owner, among others, to foreclose the mortgage. In February 2023, the defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred. In an order dated May 16, 2023, the Supreme Court granted the defendant's motion. The plaintiff appeals.

"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (HSBC Bank USA v Lem, 236 AD3d 762, 763 [*2][internal quotation marks omitted]). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (id. at 763-764 [internal quotation marks omitted]).

An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; U.S. Bank N.A. v Medianik, 223 AD3d 935, 937). "Where the mortgage debt is accelerated, the entire balance of the debt accrues and the statute of limitations begins to run on the entire debt" (HSBC Bank USA v Lem, 236 AD3d at 764). Here, it is undisputed that the plaintiff elected to call due the entire balance of the mortgage debt in the complaint in the 2008 action and in the 2012 action and that the instant foreclosure action was commenced more than six years later (see FV-1, Inc. v Palaguachi, 234 AD3d 818, 821; U.S. Bank N.A. v Medianik, 223 AD3d at 938).

Nevertheless, the plaintiff contends that the voluntary discontinuances of the prior actions served to revoke its prior acceleration of the mortgage debt. The plaintiff's contention is foreclosed by the Foreclosure Abuse Prevention Act (FAPA). As relevant here, CPLR 203(h) provides that once a cause of action to foreclose a mortgage has accrued, "no party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive, or reset" the accrual or running of the statute of limitations. This includes a mortgagee's voluntary discontinuance of a foreclosure action (see CPLR 3217[e]; U.S. Bank N.A. v Medianik, 223 AD3d at 938). Thus, contrary to the plaintiff's contention, the statute of limitations was not reset by the voluntary discontinuances of the prior actions (see FV-1, Inc. v Palaguachi, 234 AD3d at 821-822).

The plaintiff's contention that FAPA should not be applied retroactively is without merit (see Van Dyke v U.S. Bank, Natl. Assn., _____ NY3d _____, _____, 2025 NY Slip Op 06537, *5; Article 13 LLC v Ponce De Leon Fed. Bank, _____ NY3d _____, _____, 2025 NY Slip Op 06536, *2-3). The plaintiff's contentions that retroactive application of FAPA violates due process, amounts to an unconstitutional taking, and violates the Contract Clause of the United States Constitution are without merit (see Van Dyke v U.S. Bank, Natl. Assn., _____ NY3d at _____, 2025 NY Slip Op 06537, *5; Article 13 LLC v Ponce De Leon Fed. Bank, _____ NY3d at _____, 2025 NY Slip Op 06536, *2-3; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1071).

Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred.

BARROS, J.P., WARHIT, VOUTSINAS and WAN, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court